# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 20-cv-0841-WJM-NYW

RAY ANTHONY SMITH,

    Plaintiff,

v.

CHARLENE CROCKETT,
DEAN WILLIAMS,
SEAN PRUITT,
GINGER MIDDLETON,
CARLOS LOPEZ,
DR. MUHAMMAD MUNIR CHAUDRY, and
IFANCA,

    Defendants.

---

## ORDER ADOPTING OCTOBER 13, 2021 RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the October 13, 2021 Recommendation by U.S. Magistrate Judge Nina Y. Wang (the "Recommendation") (ECF No. 102) that the Court:

    (1)    grant in part and deny in part the Colorado Department of Corrections ("CDOC") Defendants'[1] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("CDOC Defendants' Motion to Dismiss") (ECF No. 87), and

    (2)    grant Defendants Dr. Muhammad Munir Chaudry and The Islamic Food

---

[1] Charlene Crockett, Dean Williams, Sean Pruitt, Ginger Middleton, and Carlos Lopez filed the motion jointly as the CDOC Defendants.

and Nutrition Council of America's Motion to Dismiss Plaintiff's Third Amended Prisoner Complaint ("IFANCA Defendants' Motion to Dismiss") (jointly, "Motions to Dismiss") (ECF No. 88).

The Recommendation is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Defendant Carlos Lopez filed an Objection to the Recommendation on October 25, 2020 ("Defendant's Objection"). (ECF No. 103.) Pro se Plaintiff Ray A. Smith filed a Response to the Objection on November 4, 2020. (ECF No. 105.) Plaintiff also filed a Motion to Reconsider (ECF No. 104) that the Court has construed as an Objection to the Recommendation ("Plaintiff's Objection"). (ECF No. 106.) For the reasons set forth below, Defendant's Objection and Plaintiff's Objection are overruled, and the Recommendation is adopted in its entirety.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in the Plaintiff's Amended Operative Complaint ("SAC") (ECF No. 86).[2]

Plaintiff is a prisoner currently in the custody of the CDOC and housed at the Arkansas Valley Correctional Facility ("AVCF"). (Id. at 2.) Plaintiff is a practicing Muslim and keeps a halal diet for religious reasons. (Id. at 12, 20.) This action arises out of the alleged wrongful revocation of Plaintiff's halal diet.

Plaintiff alleges that the halal and non-halal designations of items on the CDOC's

---

[2] The Court assumes the allegations contained in the SAC are true for the purpose of resolving the Motions to Dismiss. See Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

2

canteen list were inaccurate: some halal items were not designated as such, and some non-halal items were mislabeled as halal.  (*Id.* at 7.)  Plaintiff's halal diet was revoked because Lopez reported Plaintiff for ordering non-halal food.  (*Id.* at 16; ECF No. 6 at 2.)  Plaintiff filed an informal grievance on January 23, 2020, in which he requested that his halal diet be reinstated, and he and subsequently filed Step 1 and Step 2 Grievances.  (ECF No. 86 at 16.)  In his Grievances, he explained that the alleged non-halal food he had ordered had "nothing to do with violating the Halal diet." (*Id.*)  Nonetheless, all of his Grievances were denied on the basis that Plaintiff had ordered non-halal food on multiple occasions.  (*Id.* at 17–18.)

On March 11, 2020, Plaintiff received a letter informing him that Lopez had reported him for violating his gastroesophageal reflux disease medical ("GERD") diet.  (*Id.* at 13.)  Plaintiff alleges that Lopez reported him in retaliation for Plaintiff filing the Step 2 Grievance.  (*Id.*)  Plaintiff filed a Step 3 Grievance on March 13, 2020, asking for his halal diet to be reinstated and requesting that Lopez "stop harassing" him.  (ECF No. 6 at 2.)

On March 27, 2020, Plaintiff initiated this lawsuit (ECF No. 1), and on March 3, 2021, Plaintiff filed the SAC.  (ECF No. 86.)  Plaintiff asserts that the wrongful cancellation of his halal diet has substantially burdened his religious practice, as he is required to eat a non-halal diet or choose not to eat.  (*Id.* at 7,12,18.)  Plaintiff raises claims against the CDOC Defendants: Director Williams; Sean Pruitt, the Warden at AVCF; Ms. Middleton; Ms. Crockett; and Sergeant Lopez.  (*Id.* at 2–4.)  Additionally, Plaintiff raises claims against the Islamic Food and Nutrition Council, the "Halal Governing Body," and Dr. Muhammad Munir Chaudry ("Dr. Chaudry"), the president of

3

IFANCA (collectively the "IFANCA Defendants").  (*Id.* at 14.)  Judge Wang construed the SAC as raising the following claims:

> a claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against all Defendants, each in their individual and official capacities, ("Claim One"); a § 1983 claim under the First Amendment Free Exercise Clause against all Defendants, each in their individual and official capacities ("Claim Two"); a First Amendment retaliation claim under § 1983 against Sergeant Lopez in his individual and official capacity ("Claim Three"); a § 1983 Fourteenth Amendment equal protection claim against all Defendants in their individual and official capacities ("Claim Four"); a fraudulent misrepresentation claim against Ms. Middleton, in her individual and official capacity, ("Claim Five"), and an undue influence claim against Executive Director Williams, in his individual and official capacity ("Claim Six")

(ECF No. 102 at 4.)  Plaintiff seeks compensatory damages, punitive damages, and injunctive relief in the form of precluding "retaliation from any of the defendants" and correcting the canteen list to reflect that halal and kosher food may be consumed by individuals on either of these religious diets.  (ECF No. 86 at 28.)

The CDOC Defendants and the IFANCA Defendants filed separate Motions to Dismiss on March 18, 2021.  (ECF Nos. 87 & 88.)  On October 11, 2021, Judge Wang issued her Recommendation that the CDOC Defendants' Motion to Dismiss be granted in part and denied in part and the IFANCA Defendants' Motion to Dismiss be granted. (ECF No. 102.)  Lopez filed Defendant's Objection on October 25, 2020, and Plaintiff filed a Response to the Objection on November 4, 2020.  (ECF Nos. 103 & 105.)

For the reasons stated below, all objections to the Recommendation are overruled, and Judge Wang's Recommendation is adopted in its entirety.

4

## II. LEGAL STANDARDS

**A.     Rule 72(b) Review of a Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.     Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In

5

ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

**A.     Defendant Lopez's Objections**

Lopez objects to two parts of the Recommendation.  First, Lopez argues that Plaintiff's First Amendment retaliation claim should be dismissed for failure to state a claim.  Second, Lopez argues that his motion for qualified immunity on that claim should be granted.  The Court considers each objection in turn.

To state a First Amendment retaliation claim, a plaintiff must allege that: (1) "the plaintiff was engaged in constitutionally protected activity," (2) "the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity," and (3) "the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). The first two elements are not at issue because, in their Motions to Dismiss, Defendants did not argue that Plaintiff failed to allege facts satisfying these elements.

To satisfy the third element, it is insufficient to simply state at the pleading stage

6

that some adverse action was taken with a retaliatory intent. *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990) (plaintiffs "must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."). However, "allegations of retaliation are often supported only by circumstantial evidence." *Durant v. Indep. Sch. Dist. No. 16*, 990 F.2d 560, 564 (10th Cir. 1993). The Tenth Circuit has held that a "retaliatory motive may be inferred when an adverse action closely follows protected activity." *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999). But temporal proximity between the protected activity and the retaliatory conduct is not sufficient "[u]nless there is very close temporal proximity between the protected activity and the retaliatory conduct". *O'Neal v. Ferguson Constr. Co.*, 237 F. 3d 1248, 1253 (10th Cir. 2001).

Judge Wang found that Plaintiff had satisfied the third element by asserting allegations which "demonstrate a six-week period between Plaintiff's protected activity and Sergeant Lopez's report." (ECF No. 102 at 32–34.) Lopez argues that Judge Wang erred by: (1) "[relying] solely on the temporal proximity of the report to the filing of the grievances" (ECF No. 103 at 8), and (2) failing to consider the non-retaliatory reasons for Lopez's report (*id.*).

Lopez's first argument misses the mark because it is well established in the Tenth Circuit that "close temporal proximity between protected conduct and an adverse action is sufficient to justify an inference of retaliatory motive, thereby establishing the third element of a prima facie case of retaliation." *Oliver v. Peter Kiewit & Sons/Guernsey Stone*, 106 F. App'x 672, 676 (10th Cir. 2004); *Anderson*, 181 F.3d at 1179; *O'Neal*, 237 F. 3d 1253; *Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007).

7

Plaintiff filed his Informal Grievance on January 23, 2020, and subsequently filed Step 1 and Step 2 Grievances. (ECF No. 86 at 16.) Plaintiff alleges that Lopez retaliated against him "after [he] filed his Step 2 Grievance" by reporting that Plaintiff had violated his GERD diet on March 11, 2020. (*Id.* at 13.) Therefore, the maximum amount of time that could have passed between the protected conduct and the adverse action is six weeks.[3] The Court finds that Plaintiff's allegation of a six-week window between his protected First Amendment activity and Lopez's adverse action is sufficient to state a First Amendment retaliation claim. *See Meiners*, 359 F.3d at 1231 ("[a] six-week period between protected activity and adverse action may be sufficient, standing alone, to show causation" at the pleading stage); *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1172 (10th Cir. 2006) (plaintiff established prima facie case of retaliation by alleging she was fired six weeks after protected activity); *Guy v. Wilkie*, 2019 WL 11639502, at *3 (W.D. Okla. May 6, 2019) (finding allegation of six-week window between protected activity and adverse action was "certainly sufficient to survive Defendant's Rule 12(b)(6) motion").

Second, Lopez argues that the First Amendment retaliation claim should be dismissed because "it is implausible that the grievances [Plaintiff] filed are the but-for cause for [Lopez] reporting the violation of his medical diet – almost certainly, that cause *was the violation of the diet itself*." (ECF No. 103 at 4 (emphasis in original).) Lopez asserts that Plaintiff "admits that he violated his medical diet by ordering spicy

---

[3] In Plaintiff's Objection, Plaintiff asserts that his Step 2 Grievance was filed on March 2, 2021, only nine days before Lopez reported Plaintiff for allegedly violating his GERD diet. However, an objection to a recommendation cannot be used as an instrument to remedy pleading deficiencies. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). Therefore, the Court confines its inquiry to the allegations in the SAC.

8

foods prior to Lopez reporting him for violating his medical diet.  (*Id.* at 7.)  Lopez argues that it is reasonable to infer that Lopez "reported the violations as part of his job duties," therefore, it is implausible that Plaintiff's Step 2 Grievance was the but-for cause of Lopez reporting his violations.  (*Id.* at 7.)

But the record does not support Lopez's assertion that Plaintiff admits to violating the GERD diet in the SAC.  Plaintiff alleges that the GERD diet "LIMITS SPICY FOODS, ONIONS, PEPPERS, TOMATO OR TOMATO PRODUCTS, CHOCOLATE, SOME HIGHER FAT FOODS" (ECF No. 86 at 27 (emphasis in original)) and Plaintiff admits that he ordered "hot and spicy" (i*d.* at 12) halal sausage and ramen soup that contained "chili and spicy vegetable[s]" (*id.*).  Moreover, the Court finds that a violation of the GERD diet cannot be inferred from these facts.  A limit is a restriction on the amount of something permissible; therefore, the existence of a limit implies that some amount below the limit is permissible.  The Court finds no indication that the GERD diet's limit on spicy food was exceeded.  Therefore, Plaintiff does not admit to violating the GERD diet in the SAC.

For the reasons set forth above, the Court finds that Plaintiff has made sufficient factual allegations to state a claim of First Amendment retaliation.

Finally, Lopez argues that he should be granted qualified immunity, but he limits the basis for this contention solely on his argument that Plaintiff has failed to state a First Amendment retaliation claim.  (ECF No. 103 at 9 (citing *Montoya v. Vigil*, 898 F.3d 1056, 1068 (10th Cir. 2018) (plaintiff's failure to state a claim would necessarily entitle defendants to qualified immunity)).)  This argument is not availing here, given the Court's determination that Plaintiff has in fact stated a claim of First Amendment

retaliation.[4]

**B.     Findings Without Objection**

Neither party has objected to the remainder of Judge Wang's recommendations, namely:

(1) the dismissal of Plaintiff's RLUIPA claim insofar as it seeks monetary relief or seeks relief against all Defendants in their official capacities;

(2) the dismissal of Plaintiff's First Amendment free exercise claim insofar as it seeks monetary damages against all Defendants in their official capacities;

(3) the dismissal of Plaintiff's First Amendment retaliation claim against Defendant Lopez insofar as it seeks monetary damages against him in his official capacity;

(4) the dismissal of Plaintiff's Fourteenth Amendment claim against all Defendants;

(5) the dismissal of Plaintiff's fraud and misrepresentation claims;

(6) the dismissal of Plaintiff's undue influence claims;

(7) the granting of IFANCA Defendants' Motion to Dismiss; and

(8) the dismissal of all claims against the IFANCA Defendants.

The Court has reviewed these rulings and finds no clear error in these determinations. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Accordingly,

---

[4] Significantly, Lopez declined to argue, in addition, that he is entitled to qualified immunity because Plaintiff's right was not clearly established at the time of the alleged violation; therefore, the Court does not address this issue. *Sayed v. Lt. Page Virginia*, 2017 WL 5248048, at *4, n.1 (D. Colo. Nov. 13, 2017), *aff'd in part, appeal dismissed in part sub nom. Sayed v. Virginia*, 744 F. App'x 542 (10th Cir. 2018) ("[B]ecause the Defendants mention the defense without engaging in the analysis, they have failed to raise the affirmative defense of qualified immunity.").

the Recommendation is adopted with respect to these claims.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 102) is ADOPTED in its entirety;

2. Defendant's Objection (ECF No. 103) is OVERRULED;

3. Plaintiff's Objection (ECF No. 104) is OVERRULED;

4. CDOC Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6) (ECF No. 87) is GRANTED in part and DENIED in part;

5. Plaintiff's Claim One is DISMISSED without prejudice insofar as it seeks monetary relief or seeks relief against Defendants in their official capacities;

6. Plaintiff's Claim Two is DISMISSED without prejudice insofar as it seeks monetary damages against Defendants in their official capacities;

7. Plaintiff's Claim Three is DISMISSED without prejudice insofar as it seeks monetary damages against Defendants in their official capacities;

8. The CDOC Defendants' Motion to Dismiss Claims One, Two, and Three is DENIED in all other respect;

8. Plaintiff's Claim Four is DISMISSED without prejudice in its entirety;

9. Plaintiff's Claim Five is DISMISSED without prejudice in its entirety;

10. Plaintiff's Claim Six is DISMISSED without prejudice in its entirety;

11. Defendants Dr. Chaudry and IFANCA's Motion to Dismiss Plaintiff's Third Amended Prisoner Complaint (ECF No. 88) is GRANTED;

12. All of Plaintiff's claims against Dr. Chaudry and IFANCA are DISMISSED without prejudice; and

13. If Plaintiff wishes to amend his Second Amended Complaint, he is GRANTED leave to file a motion seeking leave to file an amended complaint not later than **December 23, 2021.**

Dated this 2nd day of December, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge