IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00841-WJM-NYW

RAY ANTHONY SMITH,

    Plaintiff,

v.

CHARLENE CROCKETT,
DEAN WILLIAMS,
SEAN PRUITT,
GINGER MIDDLETON, and
CARLOS LOPEZ,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Prisoner Motion for Appointment of Counsel (the "Motion" or "Motion to Appoint Counsel") [Doc. 116] filed on December 30, 2021 by Plaintiff Ray Anthony Smith ("Plaintiff" or "Mr. Smith"). This court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated September 8, 2020 [Doc. 19], and the Memorandum dated January 5, 2022 [Doc. 119]. For the following reasons, the Motion to Appoint Counsel is **DENIED without prejudice**.

## BACKGROUND

Plaintiff initiated this federal lawsuit on March 27, 2020, [Doc. 1], and filed a First Amended Complaint on August 24, 2020. [Doc. 17]. After an initial review of the First Amended Complaint by the Honorable Gordon P. Gallagher, the case was re-assigned to the presiding judge, the Honorable William J. Martínez, and drawn to the undersigned. [Doc. 18]. After the filing of two motions to dismiss, [Doc. 44; Doc. 65], Plaintiff filed a

motion to amend his First Amended Complaint. [Doc. 77]. This court granted the motion to amend on February 22, 2021, [Doc. 82], and Plaintiff filed his Second Amended Complaint on March 3, 2021. [Doc. 86].[1] In the Second Amended Complaint, Mr. Smith alleges, *inter alia*, that Defendants have wrongfully interfered with his ability to practice his religion by wrongfully canceling his halal diet. See generally [*id.*].

On March 18, 2021, two motions to dismiss were filed—one by Defendants Dean Williams, Sean Pruitt, Charlene Crockett, Carlos Lopez, and Ginger Middleton (the "CDOC Defendants") and one by then-named Defendants Muhammad Munir Chaudry and the Islamic Food and Nutrition Council of America (the "IFANCA Defendants"). See [Doc. 87; Doc. 88]. The motions to dismiss were referred to the undersigned for recommendation. [Doc. 97]. This court recommended that the CDOC Defendants' motion to dismiss be granted in part and denied in part and that the IFANCA Defendants' motion to dismiss be granted. [Doc. 102 at 68]. Relevant here, this court found that Mr. Smith had sufficiently stated the following claims against the CDOC Defendants: (1) a free-exercise claim under the First Amendment, [*id.* at 25]; (2) a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), [*id.* at 29]; and (3) a retaliation claim under the First Amendment. [*Id.* at 34]. The presiding judge adopted the undersigned's Recommendation, granted the IFANCA Defendants' motion to dismiss,[2] and granted in part and denied in part the CDOC Defendants' motion to dismiss. See [Doc. 107]. As a result, Plaintiff's First Amendment and RLUIPA claims against the CDOC

---

[1] The original motions to dismiss were denied as moot upon the filing of the Second Amended Complaint. [Doc. 82; Doc. 89].

[2] The presiding judge's Order Adopting Recommendation resulted in the INFANCA Defendants being dismissed from this action. See [Doc. 107 at 11].

Defendants remain pending.³ Presently before the court is Mr. Smith's Motion for Appointment of Counsel, in which Mr. Smith requests this court to find that he is entitled to the appointment of pro bono counsel in this case. [Doc. 116].

## ANALYSIS

The determination of whether to seek pro bono counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). But the court cannot appoint counsel; instead, the court can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (*citing Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

In deciding whether to appoint counsel, the court considers all relevant circumstances, including but not limited to: (1) the nature and complexity of the action; (2) the potential merit of the claims or defenses of the unrepresented party; (3) the

---

³ Judge Martínez granted Mr. Smith leave to file a motion seeking leave to amend his complaint no later than December 23, 2021. [Doc. 107 at 12]. Mr. Smith did not file any motion to amend, and thus, Mr. Smith's Second Amended Complaint remains the operative complaint in this action.

demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel.  D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv).

In the Motion, Plaintiff seeks appointment of counsel because he is "an incarcerated veteran and [his] income is well below the poverty level."  [Doc. 116 at 3]. He argues that the interests of justice will be served by the appointment of counsel because it will ensure that Mr. Smith's case will be presented properly and will ensure that the court "will not be inconvenienced by [Plaintiff's] short-comings of being a prisoner and having to rely on the state for transport or filing motions or anything that might disrupt the normal operations of the Court."  [*Id.*].

Upon review of the Motion, Mr. Smith's filings, and the D.C.COLO.LAttyR 15(f) factors, the court concludes that appointment of counsel is not warranted at this time. First, this court is not convinced that the substantive issues in this case are so uniquely complex so as to warrant appointment of counsel at this juncture.  *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness.").  Indeed, several of Mr. Smith's claims survived the CDOC Defendants' motion to dismiss, *see* [Doc. 102; Doc. 107], which indicates that Mr. Smith has sufficiently articulated his claims. Moreover, the court reminds Mr. Smith that, because he proceeds pro se, the court will afford his filings liberal construction.  The United States Court of Appeals for the Tenth Circuit has explained that "liberal construction of pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his

4

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'" *United States v. $9,020.00 In U.S. Currency*, 30 F. App'x 855, 858 (10th Cir. 2002) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

While the court acknowledges Mr. Smith's concerns about his case being presented properly as an incarcerated litigant, such circumstances are unfortunately not unique. *See Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case."). And insofar as Mr. Smith asserts that appointment of counsel will ensure that "the court will not be inconvenienced by [his] short-comings of being a prisoner," [Doc. 116 at 3], the court assures Mr. Smith that his status as an incarcerated litigant is not an inconvenience to the court. The court regularly hears cases filed by incarcerated litigants and is well-equipped to ensure that Mr. Smith is able to fully and fairly participate in this litigation. *See Walker v. Meyer*, No. 08-cv-01911-REB-KLM, 2008 WL 4787569, at *1 (D. Colo. Oct. 30, 2008) (explaining that the fact that a plaintiff is incarcerated does not itself warrant the need for volunteer counsel, as "incarceration is a normal . . . circumstance in this type of case before this court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel.").

Finally, although Mr. Smith asserts that appointment of counsel is warranted because his income is below the poverty level, [Doc. 116 at 3], a person's financial status does not guarantee the right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010) ("Unlike a

5

criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel."); *see also Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). Accordingly, Mr. Smith's income level does not provide a basis for appointment of counsel here.

For the above reasons, the court finds that appointment of pro bono counsel is not warranted at this time. Should the circumstances of this case change, Mr. Smith may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to <u>trial</u>."[4] (emphasis added)). For these reasons, the Motion for Appointment of Counsel will be **DENIED without prejudice**.

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

(1) The Prisoner Motion for Appointment of Counsel [Doc. 116] is **DENIED without prejudice**;[5] and

---

[4] Indeed, to the extent that Defendants indicate a willingness to engage in any resolution dismissions with Mr. Smith, it may be appropriate for the court to appoint counsel for that limited purpose. *See* [Doc. 116 at 4 (requesting volunteer counsel for the limited representation purpose of "assisting with a settlement conference"). However, nothing in the record currently indicates that either side is engaged in substantive settlement negotiations.

[5] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See*

 (2) A copy of this Order, marked as legal mail, shall be sent to:

  Ray A. Smith, #89988
  Arkansas Valley Correctional Facility (AVCF)
  12750 Highway 96 at Lane 13
  Ordway, CO 81034

  and

  Case Manager for Ray A. Smith, #89988
  Arkansas Valley Correctional Facility (AVCF)
  12750 Highway 96 at Lane 13
  Ordway, CO 81034

DATED: January 6, 2022

BY THE COURT:

_Nina Y. Wang_
Nina Y. Wang
United States Magistrate Judge

---

*Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").