IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00841-WJM-MEH

RAY ANTHONY SMITH,

    Plaintiff,

v.

CHARLEEN CROCKETT,
DEAN WILLIAMS,
SEAN PRUITT,
GINGER MIDDLETON, and
CARLOS LOPEZ,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion Seeking a Preliminary Injunction ("Motion"). ECF 135. The Motion is fully briefed. ECF 147; ECF 153. The Court finds that oral argument would not materially assist in the Motion's adjudication. For the following reasons, the Court respectfully recommends denying the Motion.

## BACKGROUND

While this case was referred to then-Magistrate Judge Nina Y. Wang, she issued a recommendation on a previous motion for a preliminary injunction in which she explained the basic background of this case:

> Plaintiff Ray Anthony Smith ("Mr. Smith" or "Plaintiff") is an inmate currently in the custody of the Colorado Department of Corrections ("CDOC") and housed at the Arkansas Valley Correctional Facility ("AVCF"). [Doc. 86 at 2]. Mr. Smith is Muslim and has practiced Islam for 25 years. [*Id.* at 20, 25]. Mr. Smith keeps a halal diet for religious reasons, and his decision to keep a halal diet is motivated by

>his sincerely held religious beliefs. [*Id.* at 12, 20]. Plaintiff initiated this federal lawsuit on March 27, 2020, [Doc. 1], and Plaintiff filed his Second Amended Complaint on March 3, 2021. [Doc. 86]. In the Second Amended Complaint, Mr. Smith alleges, *inter alia*, that Defendants have wrongfully interfered with his ability to practice his religion by wrongfully canceling his halal diet. *See generally* [*id.*].
>
>On March 18, 2021, the currently named Defendants—Dean Williams, Sean Pruitt, Charlene Crockett, Carlos Lopez, and Ginger Middleton (the "CDOC Defendants")—filed a Motion to Dismiss. *See* [Doc. 87]. The presiding judge, the Honorable William J. Martínez, referred the Motion to Dismiss to the undersigned for Recommendation, [Doc. 97], and this court respectfully recommended that the Motion to Dismiss be granted in part and denied in part. [Doc. 102 at 68]. Relevant here, this court found that Mr. Smith had sufficiently stated the following claims against the CDOC Defendants: (1) a free-exercise claim under the First Amendment, [*id.* at 25]; (2) a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), [*id.* at 29]; and (3) a retaliation claim under the First Amendment. [*Id.* at 34]. Judge Martínez adopted the undersigned's Recommendation. *See* [Doc. 107]. As a result, Plaintiff's First Amendment and RLUIPA claims against the CDOC Defendants remain pending.

ECF 124 at 2–3 (footnote omitted).

In his previous motion for a preliminary injunction, Plaintiff represented that Defendant Charleen Crockett sent him a letter accusing him of violating his halal diet. *Id.* at 3. That letter, though, was filed by a Lieutenant Hartley, who works at Arrowhead Correctional Center. *Id.* Plaintiff alleged that Lieutenant Hartley would have no reason to know Plaintiff's name, CDOC number, or what was on Plaintiff's canteen list. *Id.* As such, Plaintiff felt the letter was retaliation against him. *Id.* at 4. In his motion, Plaintiff requested a court order "to make the CDOC Defendants CEASE and Desist from retaliating against [him] for defending [his[ First Amendment Right to [Practice his] Religion in peace." *Id.* Judge Wang recommended denying the motion on multiple grounds, including, as relevant here, that Plaintiff's sought injunction was too vague to satisfy Rule 65 and not narrowly defined as required by the Prison Litigation Reform Act ("PLRA"). *Id.* at 7–8, 12–13. District Judge Martinez adopted that recommendation. ECF 129.

2

On July 8, 2022, Plaintiff filed the present Motion. ECF 135. Plaintiff claims that he was served with an evening meal which did not conform with his halal diet. *Id.* at 2. When he asked for the food to be exchanged, Defendant Carlos Lopez ("Sgt. Lopez") refused, insisting that the meal was halal. *Id.* Plaintiff was forced to leave the meal hall without any dinner for the day. *Id.* at 3. As a result, Plaintiff now fears that Sgt. "Lopez will contaminate his food in some way (like spitting or some other bodily fluids being put in it or on it, or by putting some non-halal substance in or on it . . .)." *Id.* Construing his Motion liberally, Plaintiff requests an injunction that accomplishes two things: (1) prohibit Sgt. Lopez from any future retaliation against the Plaintiff, *id.* at 1; and (2) "remind Sgt. [Lopez] that he is an adult, and he must respect the rights of others, and follow the rules or suffer the consequences like everyone else," *id.* at 6. Defendants oppose the motion for the same reasons Judge Wang articulated in her prior recommendation. Specifically, Defendants argue that Plaintiff's request is too vague for Rule 65, is not narrowly tailored as required under the PLRA, and fails to satisfy the four elements required for issuance of a preliminary injunction. ECF 147 at 3.

## **LEGAL STANDARD**

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*; *see also Winter v. N.R.D.C., Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). The burden is on the movant to establish his right to the relief requested. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

## ANALYSIS

As mentioned earlier, Defendants raise three arguments in opposition to Plaintiff's Motion. First, Plaintiff's request is too vague for Rule 65. Second, the requested injunction is not narrowly tailored as required by the PLRA. Third, Plaintiff has not established the four elements listed above. Plaintiff filed a reply brief that only addressed the third argument. Because the Court agrees with Defendants' first two arguments, it does not consider the third.

**I.      Rule 65**

Plaintiff's sought injunction would prohibit Sgt. Lopez from future retaliation and remind him that "he is an adult, and he must respect the rights of others, and follow the rules or suffer the consequences like everyone else." ECF 135 at 6. But as Judge Wang already explained to Plaintiff, "injunctions simply requiring the defendant to obey the law are too vague to satisfy Rule 65." *Shook v. Bd. of Cty. Comm'rs of Cty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) (quoting *Monreal v. Potter*, 367 F.3d 1224, 1236 (10th Cir. 2004)).

Rule 65 "requires that an injunction be reasonably specific in identifying what acts are prohibited or required, both to give notice to the defendant of what is prohibited, and to guide an appellate court in reviewing the defendant's compliance or noncompliance with the injunction." *Keyes v. Sch. Dist. No. 1, Denver, Colo.*, 895 F.2d 659, 668 (10th Cir. 1990); *see also* Fed. R. Civ. P. 65(d)(1)(C) (requiring that all injunctions "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required"). When the requested

4

injunction only seeks to direct compliance with the law, courts throughout the Tenth Circuit have denied such relief. *See, e.g.*, *Hemphill v. Jones*, No. CIV-11-1192-HE, 2012 WL 5873307, at *1 (W.D. Okla. Oct. 12, 2012), *report and recommendation adopted*, 2012 WL 5872935 (W.D. Okla. Nov. 20, 2012) (recommending denial of a motion for preliminary injunction where the movant asked the court to prevent the defendants from depriving him of a balanced diet); *Shapiro v. Chapdelaine*, No. 13-cv-03086-WJM-KMT, 2015 WL 6549275, at *2 (D. Colo. Oct. 29, 2015) (dismissing claims for injunctive relief where the plaintiff sought to require the defendants to follow CDOC regulations); *Montoya v. Am. Online, Inc.*, No. CIV-07-1078 BB/ACT, 2009 WL 10708276, at *11 (D.N.M. Apr. 29, 2009) (denying request for injunctive relief that was "nothing more than a generalized request asking the Court to force AOL to comply with the law").

Like with his previous motion, Plaintiff's current request amounts to nothing more than an order to have Sgt. Lopez comply with the law. Such a request does not sufficiently apprise Defendants of how they must conform their conduct. *See* 11A Wright & Miller et al., Fed. Prac. & Proc. Civ. § 2955 (3d ed.) (explaining that Rule 65 is "designed to protect those who are enjoined by informing them of what they are called upon to do or refrain from doing in order to comply with the injunction or restraining order"). "Obey-the-law injunctions do not individuate, and so very often, they fail to effectively tell the defendant what he is supposed to do. There may be many ways to violate the law, and many ways to comply; what is a violation is often at the heart of the dispute." *Acosta v. Finishing Pros., LLC*, No. 18-cv-00978-RPM-NYW, 2018 WL 6603641, at *3 (D. Colo. Nov. 20, 2018) (quoting Douglas Laycock, *Modern American Remedies* 274 (4th ed. 2010)). Because Plaintiff's request would lead to a vague injunction that would not meet the requirements of Rule 65, Plaintiff's Motion should be denied. *Hemphill*, 2012 WL 5873307, at *1.

## II. PLRA

Although requesting an injunction that is too vague under Rule 65 is an independent basis for denial of the Motion, the Court also finds that Plaintiff failed to narrowly tailor his request as required by the PLRA. The purpose of the PLRA is to "eliminate unwarranted federal-court interference with the administration of prisons." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, "prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively." *Escobar v. Reid*, No. 06-cv-01222-CMA-KLM, 2008 WL 4877009, at *3 (D. Colo. Nov. 12, 2008), *aff'd*, 348 F. App'x 387 (10th Cir. 2009) (unpublished); *see also Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) ("[C]onsiderations [of prison management] properly are weighed by the legislature and prison administration rather than a court.").

Consequently, "[c]ourts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances." *Escobar*, 2008 WL 4877009, at *3 (citing *Taylor v. Freeman*, 34 F.3d 266, 270 (4th Cir. 1994)). "[I]ntervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made." *Taylor*, 34 F.3d at 269. In fact, the PLRA provides, in relevant part,

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

As Judge Wang previously recommended, the Court finds Plaintiff's Motion fails to demonstrate that the injunctive relief he seeks is narrowly tailored. Plaintiff wants an injunction to prohibit future retaliation and to force Sgt. Lopez to respect the rights of others and follow the rules. That is a "very broad preliminary injunctive relief [request] based on conclusory allegations." *Stephens v. Jones*, 494 F. App'x 906, 912 (10th Cir. 2012). The PLRA demands much greater specificity from injunctive relief requests, so the Court finds that Plaintiff has not met his burden of demonstrating he is entitled to injunctive relief. *Cf. id.* (affirming denial of preliminary injunction under the PLRA where the movant sought a court order prohibiting the defendants from "taking actions that [would] result in irreparable harm to [the plaintiff's] right and ability to litigate actions before the Courts.") (alterations changed).[1]

## CONCLUSION

Accordingly, the Court respectfully recommends that Plaintiff's Motion [filed July 8, 2022; ECF 135] be **denied**.[2]

---

[1] The Court notes that Plaintiff's reply brief does not address Defendants' vagueness or PLRA arguments. As such, he has waived argument on those issues. *See Horne v. McCall*, 171 F. App'x 246, 247 n.1 (10th Cir. 2006). In addition, Plaintiff's reply brief seems to alter the injunctive relief he desires. He appears to request that the Defendants "maintain his diet as is." ECF 153 at 12. That specific relief is not present in his Motion, and it would be prejudicial to Defendants to consider it now for the first time in a reply brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (explaining that court "does not ordinarily review issues raised for the first time in a reply brief" because it "robs the [other side] of the opportunity to demonstrate that the record does not support [the party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result"). Therefore, the Court does not consider Plaintiff's new request in this Recommendation. But even if it did, the Court would find that the reasons stated in this Recommendation—namely, Plaintiff's request is too vague under Rule 65 and not narrowly tailored as required by the PLRA—would apply to the new injunction sought.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo*

Respectfully submitted this 10th day of August, 2022, at Denver, Colorado.

BY THE COURT:

*[signature: Michael E. Hegarty]*

Michael E. Hegarty
United States Magistrate Judge

---

determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).