IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-0841-WJM-MEH

RAY ANTHONY SMITH,

    Plaintiff,

v.

CHARLEEN CROCKETT,
DEAN WILLIAMS,
SEAN PRUITT,
GINGER MIDDLETON, and
CARLOS LOPEZ,

    Defendants.

---

**ORDER ADOPTING JANUARY 18, 2023 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on the January 18, 2023 Report and Recommendation of United States Magistrate Judge Michael E. Hegarty (the "Recommendation") (ECF No. 188) that the Court: (1) deny in part Defendants Charleen Crockett, Dean Williams, Sean Pruitt, Ginger Middleton, and Carlos Lopez's (collectively, "Defendants") Motion for Summary Judgment (ECF No. 168); and (2) deny Plaintiff Ray Anthony Smith's Motion for Summary Judgment (ECF No. 171).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    Plaintiff filed objections to the Recommendation ("Plaintiff's Objections") (ECF No. 196), to which Defendants responded (ECF No. 206).  Defendants also filed their own objections to the Recommendation ("Defendants' Objections").  (ECF No. 200.)

Plaintiff did not respond to Defendants' Objections.

For the reasons set forth below, Plaintiff's Objections are overruled, Defendants' Objections are overruled, and the Recommendation is adopted in its entirety.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the Background and Findings of Fact contained in the Recommendation. (ECF No. 188 at 2–6.)

After the dismissal stage of this litigation, Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim remained against Defendants in their official capacities for equitable relief;[1] Plaintiff's 42 U.S.C. § 1983 claim under the First Amendment free exercise clause remained against Defendants in their individual capacities for monetary damages and in their official capacities for equitable relief; and Plaintiff's § 1983 claim under the First Amendment for retaliation remained against Defendant Lopez in his individual capacity for monetary damages and in his official capacity for equitable relief. (ECF No. 188 at 3 (citing ECF No. 107 at 2).)

---

[1] The Court has identified errors in the October 13, 2021 Recommendation of United States Magistrate Judge ("October 13, 2021 Recommendation") (ECF No. 102) and in the December 2, 2021 Order Adopting October 13, 2021 Recommendation of United States Magistrate Judge ("December 2, 2021 Order") (ECF NO. 107.) In the October 13, 2021 Recommendation, Judge Wang recommended dismissing Plaintiff's RLUIPA claim without prejudice insofar as it seeks monetary relief or seeks relief against Defendants in their official capacities, and the Court adopted that recommendation. The Court adopted that portion of the October 13, 2021 Recommendation in its December 2, 2021 Order. (ECF No. 107 at 11.) However, Judge Wang actually intended to recommend dismissing the RLUIPA claims against Defendants in their individual capacities, and she correctly stated as much at page 19. (ECF No. 102 at 19.)

Judge Hegarty's Recommendation correctly states that the RLUIPA claim remains against Defendants only in their official capacities for equitable relief. (ECF No. 188 at 2.) Therefore, the Court concludes that any error noted above is harmless.

## II. THE RECOMMENDATION

A.    **RLUIPA and Free Exercise Claims**

First, Judge Hegarty addressed Defendants' arguments regarding qualified immunity.[2] With respect to the individual capacity claim against Defendant Crockett, who terminated Plaintiff's halal diet, Judge Hegarty found Defendants' qualified immunity arguments unpersuasive. (*Id.* at 10.)

First, Judge Hegarty addressed whether the right was clearly established at the time of the challenged conduct and noted that the constitutional right at issue is not the right to eat food not designated "H" for halal; rather, the right at issue is that Plaintiff's halal diet was wrongfully terminated, and that the termination substantially burdened his free exercise. (*Id.* at 9–10.) Judge Hegarty reiterated then-United States Magistrate Judge Nina Y. Wang's conclusion that an inmate's First Amendment right to a diet conforming to his sincerely held religious beliefs was clearly established since at least 2002; in other words, it is clearly established Tenth Circuit law that prisoners have a constitutional right to a diet conforming to their religious beliefs. (*Id.* at 10.) On this basis, Judge Hegarty determined that "Defendants' qualified immunity arguments [were] unpersuasive as to Defendant Crockett, who terminated Plaintiff's halal diet." (*Id.*)

Further, he noted that although Defendants argue that they reasonably relied on the food items' halal designations, only Defendant Lopez testified that he relies entirely on the halal designation of "H" on the item to determine whether a specific item is halal. (*Id.* at 10.) Further, he observed that Defendant Lopez stated in his affidavit that his

---

[2] As noted above, only a claim against all Defendants in their official capacities for equitable relief remains under RLUIPA. Therefore, the qualified immunity analysis is limited to the free exercise claim.

3

determinations of what is or is not halal were not consequential in the termination of Plaintiff's halal diet. (*Id.*)

Finally, Judge Hegarty explained that a genuine dispute of material fact exists concerning whether Plaintiff violated the Arkansas Valley Correctional Facility's ("AVCF") Religious Diet Participation Agreement ("RDPA"), which prohibits inmates receiving a religious diet accommodation from purchasing, possessing, or consuming food that is not permitted under their religious diet. (*Id.* at 10–11.) Plaintiff argues that he never violated the RDPA, pointing to the fact that the items he purchased do conform to the halal diet, citing passages from the Qur'an, and identifying ingredients of the items he purchased. (*Id.* at 11.) In contrast, Defendants argue that none of the items flagged by Defendant Lopez and reviewed by Defendant Crockett were marked with an "H" for halal. (*Id.*) Therefore, Judge Hegarty concluded that a genuine dispute of material fact exists concerning whether Plaintiff violated the RDPA and thus, whether Defendants violated his constitutional rights under the First Amendment free exercise clause and RLUIPA by terminating his halal diet. Consequently, Judge Hegarty recommended denying Plaintiff's and Defendants' Motions for Summary Judgment for Plaintiff's RLUIPA and First Amendment claims against Defendants. (*Id.*)

Following a motion for clarification filed by Defendants, Judge Hegarty clarified the Recommendation with respect to Defendant Lopez and stated that it included "granting summary judgment for all claims against Defendant Lopez on qualified immunity grounds." (ECF No. 191 at 1.) He reasoned that Defendant Lopez's conduct was reasonable in relying on the lack of an "H" designation of certain food items purchased by Plaintiff to report violations of Plaintiff's halal diet. (*Id.*) He also stated

4

that the Court "does not recommend granting summary judgment for . . . Plaintiff's RLUIPA claim remains [*sic*] against Defendants Crockett, Williams, Middleton, and Pruitt in their official capacities for equitable relief."[3]  (*Id.*)

### B.    First Amendment Retaliation

The Recommendation explains that Defendant Lopez allegedly retaliated against Plaintiff by submitting incident reports that noted a possible violation of Plaintiff's medical diet.  (ECF No. 188 at 10.)  Further, the Recommendation states that Plaintiff asserts that his medical diet was also wrongfully terminated due to Defendant Lopez's incident reports.  (*Id.*)

Judge Hegarty concluded that Defendant Lopez is entitled to qualified immunity because in this case, Plaintiff asserts the right not to have false incident reports filed against him in retaliation.  (*Id.* at 12.)  However, he determined that the right to be free from inconsequential, allegedly false incident reports is not clearly established.  (*Id.* (citing *Martley v. Basehor, Kansas*, 537 F. Supp. 3d 1260, 1268 (D. Kan. 2021) (applying qualified immunity to a "First Amendment retaliation claim based on the instigation of a criminal investigation")).)  Moreover, because Defendant Lopez lacked the authority to terminate Plaintiff's religious and medical diets, at most his incident report instigated an investigation into Plaintiff's food purchases.  (*Id.*)  Accordingly, Judge Hegarty concluded that because the right at issue was not clearly established at

---

[3] Based on the Court's review of the Minute Order (ECF No. 191), the Court concludes that Judge Hegarty intended to dismiss all claims against Defendant Lopez in his individual and official capacities.  Thus, though the Minute Order states that qualified immunity is the basis for recommending dismissal of these claims, the Court broadly construes Judge Hegarty's reasoning concerning the reasonableness of Defendant Lopez's conduct to mean that there is no genuine dispute of material fact as to whether Defendant Lopez violated Plaintiff's constitutional rights in any respect.  Therefore, the Court grants summary judgment in favor of Defendant Lopez on all claims against him in his official and individual capacities.

5

the time the alleged violation occurred, Defendant Lopez was entitled to qualified immunity on Plaintiff's First Amendment retaliation claim and recommended granting summary judgment for Plaintiff's retaliation claim as to Defendant Lopez. (*Id.*)

## C.  Defendants Middleton, Pruitt, and Williams

Finally, the Recommendation addressed Defendants' argument that Defendants Middleton, Pruitt, and Williams undisputedly did not personally participate in the termination of Plaintiff's halal diet. (ECF No. 188 at 13.) Plaintiff argued that Defendant Williams is liable as the Executive Director of the Colorado Department of Corrections for signing and promulgating the RDPA; Defendant Pruitt is liable because he failed to ensure the actions of Defendant Lopez complied with relevant laws; and Defendant Middleton is liable for failing to ensure incident report procedures were followed. (*Id.*)

In the Tenth Circuit, individual liability attaches under § 1983 only where a defendant was personally involved in the alleged constitutional violation, and not merely supervising or managing the staff who were personally involved. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("As a general matter, § 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

In the Recommendation, Judge Hegarty observes that Defendant Crockett made the final decision to terminate Plaintiff's religious diet without any input or participation from Defendants Middleton, Pruitt, and Williams. In fact, he notes that Plaintiff never argues that Defendants Middleton, Pruitt, and Williams had more than a "cursory, passive role in the termination of his halal diet." (*Id.*) Accordingly, Judge Hegarty recommended granting summary judgment for Plaintiff's free exercise claim against

Defendants Middleton, Pruitt, and Williams in their individual capacities.  He noted that the Court already dismissed Plaintiff's RLUIPA claim against Defendants Middleton, Pruitt, and Williams in their individual capacities in a prior order.  (*Id.* (citing ECF No. 102 at 17, ECF No. 107.)

### III. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

An objection to a recommendation is properly made if it is both timely and specific*.  United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73

7

F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. (quoting *Thomas*, 474 U.S. at 47). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## IV. ANALYSIS

### A.     Plaintiff's Objections

Plaintiff's Objections include a section titled "Undisputed Material Facts." (ECF No. 196 at 2.) Plaintiff had the opportunity to provide material facts sections in the briefing submitted on summary judgment. "Generally, courts do not consider new arguments and new evidence raised in objection to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge." *McCleland v. Raemisch*, 2021 WL 350808, at *2 (D. Colo. Aug. 10, 2021) (citation omitted). At this juncture of the litigation, the Court declines to consider this new facts section, which Defendants point out includes new and recharacterized facts that were not before Judge Hegarty. (ECF No. 206 at 5.)

Next, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district

court." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Plaintiff makes no specific objection to any aspect of the Magistrate Judge's construction of the facts or analysis of the law. Therefore, the Court finds that Plaintiff has not filed sufficiently specific objections to cause the Court to review the Magistrate Judge's Recommendation *de novo*. *See Summers*, 927 F.2d at 1167 (court has discretion to review the recommendation under whatever standard it deems appropriate when no specific and timely objections are filed); *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1278–79 (D. Colo. 2009) ("For an objection to be sufficiently specific, it must enable the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.")

Upon review of Plaintiff's Objections, the Court concludes that Plaintiff has failed to specifically object to specific legal or factual conclusions in the Recommendation, and instead, he includes reiterations of previous legal arguments from the briefing on summary judgment. Accordingly, the Court sees no clear error in Judge Hegarty's Recommendation and overrules Plaintiff's objections.

**B.      Defendants' Objections**

Defendants object to the Recommendation's conclusion that Defendant Crockett is not entitled to qualified immunity with respect to Plaintiff's First Amendment free exercise claim. (ECF No. 200 at 3.)

Qualified immunity is a question of law, although disputes of fact that necessarily inform the qualified immunity analysis may go to a jury. *Maestas v. Lujan*, 351 F.3d 1001, 1007–09 (10th Cir. 2003). In this case, if the jury finds the facts to be as Plaintiff represents, Defendant Crockett denied Plaintiff's constitutional right to a religious diet by terminating the RDPA—whether by mistake or not. *See Fisher v. City of Las Cruces*,

9

584 F.3d 888, 895–902 (10th Cir. 2009) (qualified immunity unavailable at summary judgment where the plaintiff's version of the facts, if believed, would constitute a violation of a clearly established right).

The Court has closely reviewed the unpublished decisions Defendants cite in their Objections, *Franco v. Board of County Commissioners for the County of Roosevelt*, 609 F. App'x 957 (10th Cir. 2015), and *Lee v. Carlson*, 262 F. App'x 107 (10th Cir. 2008), but finds that they are sufficiently factually distinguishable to deny qualified immunity here and, in any event, are not binding on this Court.  Given the Court's agreement with Judge Hegarty's recommendation that a genuine dispute regarding material facts exists as to whether Defendant Crockett violated Plaintiff's First Amendment rights, summary judgment in Defendant Crockett's favor on the basis of qualified immunity is not appropriate at this juncture.  Therefore, the Court overrules Defendants' Objections.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objections (ECF No. 196) are OVERRULED;

2. Defendants' Objections (ECF No. 200) are OVERRULED;

3. The Recommendation (ECF No. 188) is ADOPTED in its entirety;

4. Defendants' Motion for Summary Judgment (ECF No. 168) is GRANTED IN PART and DENIED IN PART as set forth above;

5. Plaintiff's Motion for Summary Judgment (ECF No. 171) is DENIED as set forth above; and

6. The Court clarifies that the remaining claims in this case which will proceed to trial absent a much-to-be-desired pretrial resolution of this action are:

   a. Plaintiff's RLUIPA claim against Defendants Crockett, Middleton, Pruitt, and Williams in their official capacities for equitable relief;

   b. Plaintiff's First Amendment free exercise claim against Defendants Crockett, Middleton, Pruitt, and Williams in their official capacities for equitable relief; and

   c. Plaintiff's First Amendment free exercise claim against Defendant Crockett in her individual capacity.

Dated this 3rd day of August, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge