IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-0841-WJM-MEH

RAY ANTHONY SMITH,

    Plaintiff,

v.

CHARLEEN CROCKETT,
DEAN WILLIAMS,
SEAN PRUITT, and
GINGER MIDDLETON,

    Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION

---

This matter is before the Court on *pro se* Plaintiff Ray Anthony Smith's Motion for Reconsideration of the Summary Judgment Order, or, in the Alternative, to Certify the Court's Summary Judgment Order for Interlocutory Appeal (ECF No. 224) and Motion to Reconsider Summary Judgment (ECF No. 225) (together, "Motions"). Defendants Charleen Crockett, Dean Williams, Sean Pruitt, and Ginger Middleton (collectively, "Defendants") filed a response to the Motions. (ECF No. 226.) Plaintiff filed a reply. ECF No. 227.)

For the following reasons, the Motions are denied.

### I. BACKGROUND

On January 18, 2023, United States Magistrate Judge Michael E. Hegarty issued a Recommendation on the Motion for Summary Judgment, which recommended granting summary judgment in favor of Defendant Carlos Lopez because of qualified

immunity.  (ECF No. 188.)  Judge Hegarty reasoned that Defendant Lopez was entitled to qualified immunity on the First Amendment Free Exercise claim because his conduct was reasonable when he relied on the lack of an "H" designation of certain food items purchased by Plaintiff to report violations of Plaintiff's diet; and that Defendant Lopez was entitled to qualified immunity on the retaliation claim as there is no clearly established right to be free from inconsequential, allegedly false incident reports.  (*Id.*; ECF No. 191.)

On August 3, 2023, the Court adopted the Recommendation in its entirety and terminated Defendant Lopez from this action ("Order Adopting the Recommendation").  (ECF No. 215 at 10; ECF No. 217.)  On August 28, 2023, Plaintiff filed the Motions.  (*See generally* ECF Nos. 224 and 225.)

## II. LEGAL STANDARD

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Here, Plaintiff does not specify in the instant Motions whether he is seeking relief pursuant to Rule 59(e) or Rule 60; however, because the Motions were filed at least ten days after the order that terminated Defendant Lopez from this case, the Court analyzes the Motions under Rule 60(b).

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [six] reasons[.]"  Fed. R. Civ. P. 60(b).  The first five reasons are scenarios that arise with enough frequency to

2

be specifically called out (*e.g.*, excusable neglect, newly discovered evidence, satisfaction of judgment).  See Fed. R. Civ. P. 60(b)(1)–(5).  Then Rule 60(b)(6) permits a court to grant relief for "any other reason justifying relief."  While relief under the five enumerated clauses of Rule 60(b)(1)–(5) is "extraordinary and may only be granted in exceptional circumstances," "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief."  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999).

Ultimately, all Rule 60(b) motions are addressed to the sound discretion of the trial court.  *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984).

### III. ANALYSIS

The Court has considered the arguments Plaintiff raises in the Motions.  Broadly speaking, Plaintiff argues that Defendant Lopez should not have been entitled to qualified immunity, or in the alternative, asks the Court to certify the issue for interlocutory appeal.  (ECF Nos. 224, 225.)  Accordingly, the Court concludes that only Rule 60(b)(1) or (6) could apply here.

Upon due consideration, the Court finds that Plaintiff has not identified any mistake of fact or law in the Court's Order Adopting the Recommendation that would entail relief under Rule 60(b)(1).  Rather, as Defendants point out in their response, Plaintiff simply restates arguments that he has made in previous motions and fails to address the basis for the Court's findings.  (ECF No. 226 at 3–4.)  Additionally, upon due consideration, the Court finds that it will not offend justice under Rule 60(b)(6) to deny relief here.  Thus, the Court concludes that Plaintiff has not identified any "extraordinary" circumstances that would justify relief under Rule 60(b).

Regarding Plaintiff's request for certification for interlocutory appeal, a district court may certify an interlocutory order for immediate appeal where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Given Plaintiff's failure to address these requirements, the Court denies his request for certification for interlocutory appeal.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff Ray Anthony Smith's Motion for Reconsideration of the Summary Judgment Order, or, in the Alternative, to Certify the Court's Summary Judgment Order for Interlocutory Appeal (ECF No. 224) and Motion to Reconsider Summary Judgment (ECF No. 225) are DENIED.

Dated this 24th day of October, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

4